UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DUJUEN GREEN,<br><br>                Plaintiff,<br><br>-vs-<br><br><br>DIRECTOR MICHAEL McCALL,<br>KERSHAW CORR. WARDEN DUNLAP,<br>KERSHAW CORR. ASSOC. WARDEN<br>STORMBRAKER, KERSHAW CORR.<br>MRS. GARDNER, MENTAL HEALTH<br>COUNSELOR MRS. REMBERT, CASE<br>WORKER KERSHAW CORR.<br><br>                Defendants. | Civil Action No.: 4:16-cv-2365-MGL-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the court is Defendants' Motion for Summary Judgment (Document # 20). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his Complaint. Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.    RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action

-2-

for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. Because of Plaintiff's failure to respond to the present motion for summary judgment, the undersigned concludes he has abandoned his claims against Defendant. No other conclusion is reasonable.

### III.   CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

January 17, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**